Peter POTOTSKY, Plaintiff–Appellant,

v.

Janet NAPOLITANO, Governor, State of Arizona; et al., Defendants–Appellees.

No. 05–16190.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Peter Pototsky, Tucson, AZ, pro se.

Charles Arnold Grube Fax, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, Michael Evan Owen, Esq., Tucson City Attorney, Tucson, AZ, Stephen A. Mensing, Esq., John Colin Doyle, Esq., Doyle–Mensing, P.C., Scottsdale, AZ, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Peter Pototsky appeals pro se from the district court's order dismissing his 42 U.S.C. §§ 1983 and 1985(3) action alleging that various state and local officials violated his due process and equal protection rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir.2001), and affirm.

The district court did not err when it concluded that it lacked subject matter jurisdiction over Pototsky's claim because it was based on an alleged violation of state law. Section 1983 does not provide a cause of action for alleged violations of state law. *See id.* at 824; *see also Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

60 L.Ed.2d 957 (1979) (regarding section 1985(3)). Pototsky did not identify the federal constitutional right that he believed the state or local officials violated. Regarding his claim under section 1985(3), Pototsky also did not allege the requisite invidious animus against a suspect class. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

We deny Pototsky's request for oral argument.

We deny as moot Pototsky's motion to substitute a party.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

